# NOS. 12-07-00462-CR
# 12-07-00463-CR
# 12-07-00464-CR
# 12-07-00465-CR
# 12-07-00466-CR
# 12-07-00467-CR
# 12-07-00468-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY DARRELL DYKES,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Bobby Darrell Dykes appeals six convictions for burglary of a habitation and one conviction for evading arrest. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a brief pro se. We affirm.

### BACKGROUND

Appellant was charged by six separate indictments with the offense of burglary of a

habitation, a second degree felony.[1] Each indictment also included two felony enhancement paragraphs. Further, Appellant was charged by indictment with evading arrest, a state jail felony.[2] This indictment also included two felony enhancement paragraphs.

On August 17, 2007, Appellant entered an open plea of "guilty" to the offenses charged in each of the seven indictments, and "true" to both felony enhancement paragraphs in each indictment. In each case, Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a written stipulation of evidence in which Appellant swore that all elements pleaded in the indictment were true. However, Appellant did not waive his right to appeal.

On November 9, the trial court assessed Appellant's punishments at life imprisonment for each burglary of a habitation conviction,[3] and twenty years of imprisonment for the evading arrest conviction.[4] Having granted the State's motion to cumulate sentences in the first three cases, the trial court orally assessed Appellant's punishment. Specifically, the trial court ordered that Appellant's first life sentence (trial court number 007-0264-07, appellate cause number 12-07-00462-CR) be served consecutively to a 1994 conviction for burglary of a habitation for which Appellant was sentenced to thirty-five years of imprisonment (trial court number 4-94-42). The trial court also ordered that Appellant's second life sentence (trial court number 007-0265-07, appellate cause number 12-07-00463-CR) be served consecutively to his first life sentence. Further, the trial court ordered that Appellant's third life sentence (trial court number 007-0266-07, appellate cause number 12-07-00464-CR) be served consecutively to his second life sentence. Additionally, the trial court ordered that Appellant's fourth and fifth life sentences (trial court number 007-0267-07, appellate cause number 12-07-00465-CR, and trial court number 007-0269-07, appellate cause number 12-07-00467-CR) and his twenty year sentence (trial court number 007-0268-07, appellate cause number 12-07-00466-CR) be served concurrently with his third life sentence. Finally, the trial court ordered

---

[1] *See* TEX. PENAL CODE ANN. §30.02(a), (c)(2) (Vernon 2003).

[2] *See* TEX. PENAL CODE ANN. §38.04(a), (b)(1) (Vernon 2003).

[3] *See* TEX. PENAL CODE ANN. §12.42(d) (Vernon Supp. 2008).

[4] *See* TEX. PENAL CODE ANN. §§12.33,12.42(a)(2) (Vernon 2003 & Supp. 2008).

that Appellant's sixth life sentence (trial court number 007-0270-07, appellate cause number 12-07-00468-CR) be served concurrently with his twenty year sentence for evading arrest (trial court number 007-0268-07, appellate cause number 12-07-00466-CR). However, the written judgment ordered that his sixth life sentence be served concurrently with his third life sentence (trial court number 007-0266-07, appellate cause number 12-07-00464-CR).

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.

From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. Appellant's pro se brief raises three issues. He argues that his guilty pleas were involuntary because he was under the influence of a mind altering drug, that his guilty pleas were made under duress, and that his trial and appellate counsel rendered ineffective assistance. We have reviewed the record for reversible error and have found none.

We note, however, that while the trial court orally pronounced that Appellant's sixth life sentence would be served concurrently with his twenty year sentence for evading arrest, the written judgment reflected that his sixth life sentence would be served concurrently with his third life sentence. When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). We may correct and modify a trial court judgment if we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.–Houston [1st Dist.] 2001, no pet.). Thus, we modify the trial court's written judgment to reflect that Appellant's sixth life sentence (trial court number 007-0270-07, appellate cause number 12-07-00468-CR) be served concurrently with his twenty year sentence for evading arrest (trial court number 007-0268-07, appellate cause number 12-07-00466-CR).

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted.* The trial court's judgments in cause numbers 007-0264-07, 007-0265-07, 007-0266-07, 007-0267-07, 007-0268-07, and 007-0269-07 are *affirmed*. The trial court's judgment in cause number 007-0270-07 is *affirmed* as modified.

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4