Affirmed and Memorandum Opinion filed August 5, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00012-CR

____________

 

RONNIE EARL FIELDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1147492

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to aggravated sexual
assault of a child.  The trial court deferred adjudication of guilt and placed
appellant under community supervision for a period of ten years.  Subsequently,
the State moved to adjudicate guilt.  The trial court found appellant had
violated the terms of his community supervision and proceeded to adjudicate
guilt.  The trial court sentenced appellant to confinement for five years in
the Institutional Division of the Texas Department of Criminal Justice and
assessed a $500 fine.  Appellant filed a timely notice of appeal.

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. The brief meets the requirement
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting
a professional evaluation of the record and demonstrating why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978).

A copy of counsel’s brief was delivered to appellant.  Appellant
was advised of the right to examine the appellate record and file a pro se
response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. (Tex. Crim.
App.1991).  Appellant received a copy of his record on May 25, 2010.  As of
this date, no pro se response has been filed.

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. Further, we find no reversible error in the
record. We are not to address the merits of each claim raised in an Anders
brief or a pro se response when we have determined there are no arguable
grounds for review. See Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex.
Crim. App. 2005).

However, there is an error in the judgment.  The
judgment finds “Defendant violated the terms and conditions of community
supervision as set out in the State’s ORIGINAL Motion to Adjudicate Guilt as
follows:  HE FAILED TO REPORT, OBTIAN [sic] EMPLOYMENT, NOTIFY SUP. OFFICER
OF CHANGE OF ADDRESS, SUBMIT RANDOM URINE SPCIMEN ANLAYSIS, PARTICIPATE IN
CSRP, SUP. FINE COST, PAY LAB. FEE, PAY SEX ASSAULT PROGRAM FUND, PAY HABITAT
FOR HUMANITY, SUBMIT TO POLYGRAPH.”   The record reflects appellant pled
true to two allegations in the State’s motion to adjudicate: (1) failure to
report; and (2) failure to stay at his registered address.  No evidence was
presented that would support the trial court’s finding of any other
violations.   

An appellate court has the power to correct and reform a trial court judgment to make
the record speak the truth when it has the necessary data and information to do
so. Nolan v. State, 39 S.W.3d 697, 698 (Tex. App. -- Houston [1st Dist.]
2001, no pet.) (citing Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.
-- Dallas 1991, pet. ref'd)); see also Tex. R. App. P. 43.2(b).  Similar
errors have been corrected in other Anders cases.  See Jackson v.
State, No. 06-03-00076-CR, 2003 WL 22332149, *2 (Tex. App. – Texarkana
2003, no pet.) (mem.. op., not designated for publication); and Bogda v.
State, No. 05-91-01327, 1996 WL 682470, *1 (Tex. App. – Dallas 1996, no
pet.) (not designated for publication).

Accordingly, we reform the judgment of conviction to
delete the trial court’s findings that appellant violated the terms and
conditions of community supervision as follows:  HE FAILED TO OBTIAN [sic]
EMPLOYMENT, SUBMIT RANDOM URINE SPCIMEN ANLAYSIS, PARTICIPATE IN CSRP, SUP.
FINE COST, PAY LAB. FEE, PAY SEX ASSAULT PROGRAM FUND, PAY HABITAT FOR
HUMANITY, SUBMIT TO POLYGRAPH.”    As
reformed, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).