John NOLAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00427–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 2001.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and BRISTER.

## OPINION

TAFT, Justice.

A jury found appellant, John Nolan, Jr., guilty of delivery of a controlled substance, cocaine, weighing more than four but less than 200 grams. After finding true the allegations of prior convictions for delivery of a controlled substance and unauthorized use of a motor vehicle, the jury assessed appellant's punishment at 50 years in prison. We address: (1) whether the trial court erred by not signing the jury charge on punishment; (2) whether the judgment and record of the trial court contain errors; and (3) whether appellant's trial counsel was ineffective. We reform the judgment to reflect appellant's correct name, offense and punishment, and affirm.

### Unsigned Punishment Charge

■ In his first point of error, appellant asserts the trial court erred by not signing the punishment charge it gave the jury. The record shows the trial court signed the jury charge on guilt, but did not sign the jury charge on punishment. The Code of Criminal Procedure provides that "[t]he general charge given by the court and all special charges given or refused shall be certified by the judge *and* filed among the papers in the cause." TEXAS CODE CRIM. PROC.ANN. art. 36.17 (Vernon 1981) (emphasis added).

The record shows the court clerk file-stamped the jury charge on punishment, and therefore complied with the requirement that the charge be "filed among the papers in the cause." The record also shows, however, that the judge did not sign the charge. The judge must certify the jury charge by signing it. Accordingly, the trial court erred by submitting to

the jury an unsigned jury charge on punishment.

■ Appellant did not object to the unsigned punishment charge. When counsel makes no proper objection at trial, we will reverse error in the jury charge only if it was so egregious and created such harm that the defendant did not have a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). In making this determination, we examine the harm caused in the light of the entire jury charge, the state of the evidence, and any other relevant information in the record. *See id.*

■ The record reflects the trial court read the entire charge on punishment to the jury. The trial court then submitted the same charge, albeit unsigned, to the jury.[1] There is no evidence that the lack of the judge's signature influenced the jury in assessing appellant's punishment. Accordingly, the error was harmless.

We overrule appellant's first point of error.

### Clerical Errors in the Judgment

■ In his second point of error, appellant asserts the trial court's *Judgment and Sentence* does not accurately state the verdict of the jury and contains a number of other errors. An appellate court has the power to correct and reform a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require." *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd) (citing former rules of Appellate Procedure 80(b) & (c)).

In this case, the jury's verdict reads:

"We, the Jury, find the Defendant, John Nolan, Jr., GUILTY of the offense of **DELIVERY OF A CONTROLLED**

---

1. Appellant's contention that there is no written jury charge to review is wrong because the unsigned charge submitted to the jury was in writing.

SUBSTANCE; NAMELY COCAINE, as charged in the indictment."

The *Judgment and Sentence* signed by the trial court, however, states:

"We, the jury, find the Defendant, John Nolan, Jr., 'Guilty' as charged in the indictment."

The judgment adequately states the verdict of the jury, and we do not find the difference substantial enough to warrant reformation. We must, however, reform the following errors: (1) the trial court's *Judgment and Sentence* states that appellant was convicted of "delivery of a controlled substance *murder*." (Emphasis added). We reform the judgment to reflect that appellant was convicted of "delivery of a controlled substance"; (2) the trial court's *Judgment and Sentence* states appellant's name as "James Wayne Collins." We reform the judgment to reflect that appellant's name is "John Nolan, Jr."; and (3) the trial court's *Judgment and Sentence* states that "James Wayne Collins shall be confined ... for forty years." We reform the judgment to reflect that "John Nolan, Jr. shall be confined ... for 50 years."

Accordingly, we overrule in part and sustain in part appellant's second point of error.

### Record Irregularity

In his third point of error, appellant asserts that the Clerk's record contains a document from another case. The record contains a letter from this Court sent to another appellant. Appellant asks us to delete the document from the record. We take note of the irregularity and disregard it because it is inconsequential.

We overrule in part and sustain in part appellant's third point of error.

### Ineffective Assistance

In his fourth point of error, appellant asserts his trial counsel was ineffective because he did not file a request for pretrial discovery. During trial, it emerged that a DPS laboratory report listed appellant's name as "John Alexander Nowlin," and indicated that the offense took place in Austin County, rather than Waller County. Appellant states that "it is arguable to assume" that, had trial counsel known about the incorrect name before trial, he could have presented witnesses to show that appellant was not "John Alexander Nowlin." Moreover, appellant maintains that "it is arguable" that, had trial counsel known about the mistaken location of the offense, trial counsel's investigative efforts "could have resulted in witnesses or an alibi favorable to [appellant]." Appellant concludes that his trial counsel rendered ineffective assistance.

We review ineffective assistance of counsel under the standard found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-prong test of *Strickland* requires appellant to show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced or harmed appellant. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064.

The record shows that appellant's trial counsel knew of the errors because he used them to cross-examine the State's witnesses at trial. Accordingly, appellant's argument that trial counsel was ineffective for not knowing the errors is contradicted by the record.

We overrule appellant's fourth point of error.

### Conclusion

We affirm the judgment of the trial court.