NO. 07-05-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 9, 2005
_____

WOODY COSTELLO HORNSBY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. 5,030,112; HON. JON WISSER, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Woody Costello Hornsby, appeals his conviction for evading arrest, enhanced. Pursuant to a plea of guilty, wherein the State agreed to waive the enhancement paragraph, the trial court found the evidence substantiated a finding of guilt and assessed punishment at five years in prison.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy

_____

[1]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967).

of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a brief or response *pro se.* By letter dated April 8, 2005, this court also notified appellant of his right to tender his own brief or response and set May 2, 2005 as the deadline to do so. To date, neither a response nor a request for extension of time has been filed.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal. They included 1) whether the plea was voluntary, 2) whether trial counsel provided effective assistance, 3) whether it was error for one judge to convict and another to sentence appellant, and 4) whether it was error for the trial court to find the enhancement paragraph true when the State waived the allegation. Appellant then explained why each issue lacked merit.

We have conducted our own review of the record to assess the accuracy of appellate counsel's statements and to uncover any error per *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Upon our completing that review, we agree with the representation of appellant's counsel that no meritorious ground exists warranting reversal of the judgment. For instance, while the trial court found the enhancement paragraph in the indictment to be true even though the State waived the allegation and presented no evidence to establish it as fact, nothing of record suggests that the finding influenced the trial court's decision to sentence appellant to five years in prison.[2] Moreover, the five years

---

[2]The State requested, before the trial court found the enhancement paragraph true, that appellant be sentenced to six years of imprisonment. Authority holds that when the trial court informs one of an incorrect range of punishment but the sentence ultimately levied falls within the correct range, then the court has substantially complied with art. 26.13(a)(1) of the Code of Criminal Procedure. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Parrish v. State*, No. 07-02-0016-CR, 2002 Tex. App. LEXIS 8636 (Tex. App.–Amarillo December 6, 2002) (not designated for publication). Furthermore, when the court has substantially complied with the statutory directive, it is incumbent upon the defendant or appellant to

fell within the range of punishment applicable to both felonies of the third and second degree.[3] Finally, the admonishment given appellant at his plea hearing actually pertained to a felony of the third degree.

As to the judgment itself mistakenly indicating that appellant pled "NOT GUILTY" when he actually pled guilty, we have the authority to reform the judgment to accurately reflect the record. *Nolan v. State,* 39 S.W.3d 697, 698 (Tex. App.–Houston [1st Dist.] 2001, no pet.). And, we opt to so reform the judgment as follows. First, where the judgment states that appellant pled "not guilty," we substitute the word "guilty." Second, we redact all reference in the judgment suggesting that the enhancement paragraph of the indictment was found to be true. Finally, we order that the judgment reflect that appellant was convicted of a felony of the third degree rather than one of the second degree. As reformed, the judgment of the trial court is affirmed, and we grant counsel's pending motion to withdraw.

Brian Quinn
Justice

Do not publish.

---

"affirmatively show[] that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE. CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Parrish v. State*, *supra*. Nothing of record would permit us to reasonably conclude here that the standard announced in art. 26.13(c) and *Parrish* was satisfied.

[3]The punishment range for a second degree felony is not more than 20 years or less than two years and a fine not to exceed $10,000. TEX. PEN. CODE ANN. §12.33 (Vernon 2003). The punishment range for a third degree felony is not more than ten years or less than two years and a fine not to exceed $10,000. *Id.* §12.34.