In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00295-CR
____________

JOHN MICHAEL KING, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
Harris County, Texas
Trial Court Cause No. 932443

 
MEMORANDUM OPINION
          Appellant, John Michael King, pleaded guilty to the offense of indecency
with a child.


 The trial court deferred adjudication of guilt, placed appellant on
community supervision for ten years, and assessed a fine in the amount of $1,000.
Subsequently, the State filed a motion to adjudicate guilt and the trial court, after
finding true the allegations in the motion that appellant had violated the terms of
his community supervision, found appellant guilty and assessed his punishment at
confinement for ten years. In one issue, appellant contends that the trial court erred
in including a fine in the judgment adjudicating guilt. We reform the judgment and
affirm as modified.Procedural Background 
          Appellant entered a plea of not true to the allegations set forth in the State’s
motion to adjudicate his guilt. After hearing testimony and argument on the
State’s motion, the trial court found the allegations in the motion to be true,
revoked appellant’s community supervision, and adjudicated appellant guilty “as
originally charged.”
          During the punishment phase, in pronouncing appellant’s sentence, the trial
court stated: 
[I]t is hereby the judgment of the Court that you be delivered to the
Director of the Texas Department of Criminal Justice Institutional
Division where you will serve 10 years confinement in accordance
with the laws of the State of Texas.

The clerk’s record contains the trial court’s “Judgment Adjudicating Guilt” which,
in addition to the punishment of confinement for ten years pronounced by the trial
court, imposed a fine of $1,000.
Reformation of Judgment
          Appellant argues that the trial court erred in including a fine in the judgment
because the trial court did not pronounce a fine at sentencing. The State argues this
Court “should modify the judgment to delete the fine.”
          The Court of Criminal Appeals has explained that when the trial court
adjudicates guilt, its new order sets aside the previous order deferring adjudication,
including any previously imposed fine. Taylor v. State, 131 S.W.3d 497, 502 (Tex.
Crim. App. 2004). Thus, the trial court’s original order deferring adjudication of
appellant’s guilt and imposing a $1,000 fine was set aside by its subsequent
judgment adjudicating appellant’s guilt. 
          A defendant’s sentence must be pronounced orally in a defendant’s
presence. Tex. Code Crim. Proc. Ann. art. 42.03. The sentence and judgment
merely memorialize the oral pronouncement. Tex. Code Crim. Proc. Ann. art.
42.01 § 1; Taylor, 131 S.W.3d at 500. When there is a conflict between the oral
pronouncement of a sentence and the sentence in the written judgment, the oral
pronouncement controls. Taylor, 131 S.W.3d at 500; Coffey v. State, 979 S.W.2d
326, 328 (Tex. Crim. App. 1998). 
          Here, although the judgment adjudicating guilt assessed a $1,000 fine, the
reporter’s record shows that the trial court did not orally pronounce a fine in
appellant’s presence at the sentencing hearing. “An appellate court has the power
to correct and reform a trial court judgment to make the record speak the truth
when it has the necessary data and information to do so.” Nolan v. State, 39
S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); see also Tex. R.
App. P. 43.2(b).
ConclusionAccordingly, we modify the judgment to delete the reference to the $1,000
fine and reflect the trial court’s oral pronouncement of confinement for ten years in
the Texas Department of Criminal Justice, Institutional Division. 
          We affirm the judgment of the trial court as modified.
 
 
     Terry Jennings
     Justice

Panel consists of Justices Nuchia, Jennings, and Higley

Do not publish. Tex. R. App. P. 47.2(b)