In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-068 CR


 ______________________


 

CARL JOSEPH REVIA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 94934






MEMORANDUM OPINION
 

 Carl Joseph Revia appeals his conviction for felony theft. See Tex. Pen. Code Ann.
§ 31.03(a), (e)(4) (Vernon Supp. 2006). Finding no reversible error, we affirm the trial
court's judgment as modified.

 Pursuant to a plea bargain agreement, Revia pled guilty to felony theft. The trial court
found the evidence sufficient to support the guilty plea, but deferred an adjudication of guilt. 
The court placed Revia on community supervision for two years, assessed a $1000 fine, and
ordered him to pay certain court costs and fees. An order amending the terms of community
supervision indicates that Revia was not ordered to make restitution to the victim. 

 The State filed a motion to revoke Revia's unadjudicated community supervision and
alleged that Revia violated the terms of his community supervision. Revia pled "true" to
violating the conditions of his community supervision. The trial court found the counts to
be true, found Revia guilty of felony theft, and sentenced him to imprisonment in state jail
for one year. The trial court did not assess a fine. The trial court's judgment ordered Revia
to pay the Jefferson County Community Supervision and Corrections Department $3,560 in
"restitution." 

 In his first six issues, Revia argues that the trial court erred in ordering him to pay
restitution to the Jefferson County Community Supervision and Corrections Department. In
his seventh issue, he argues the trial court failed to orally pronounce restitution as part of his
sentence. In issues eight and nine, Revia argues the evidence is legally and factually
insufficient to support the amount of restitution ordered.

 In response, the State refers to a document contained in the record entitled,
"Revocation Restitution/Reparation Balance Sheet," which provides the following:

 I. Restitution

 No victim[s] Owed with this case

 II. Administrative Financial Obligations

 A. Supervision Fees Amount Owed: $1440.00

 B. BMT CS Fee Amount Owed: $ 50.00

 C. PSI Fee Amount Owed: $ 350.00

 D. Fine Amount Owed: $1000.00

 E. Court Cost Amount Owed: $ 200.00

 F. Assessment Amount Owed: $ 70.00

 G. Trans Fee Amount Owed: $ 0.00

 H. Revocation Court Costs Amount Owed: $ 450.00

 Payable to:

 Jefferson County Community Supervision and Corrections Department

 . . . .

 . . . . 

 Administrative Balance: $3560.00

 Grand Total Balance: $3560.00 


The State argues that there is no restitution in this case and the $3560 listed as restitution in
the judgment actually represents the amount of administrative fees, costs, and a fine. The
State notes that the judgment recites that Revia owes $450 in court costs and this amount
appears to be a duplication. The State contends the $450 duplication can be deleted and the
judgment affirmed as modified. 

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that if
a defendant violates a condition of deferred adjudication community supervision, he is
entitled to a hearing limited to the court's determination of whether it proceeds with an
adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006). After the trial court adjudicates guilt, all proceedings, including the
assessment of punishment, the pronouncement of sentence, the granting of community
supervision, and the defendant's appeal continue as if the adjudication of guilt had not been
deferred. Id. The defendant may appeal from the order imposing punishment. Davis v.
State, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006).

 A judge who places a defendant on deferred adjudication community supervision may
impose a fine applicable to the charged offense and require any reasonable conditions of
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a). Conditions of
community supervision may include payments of any fine assessed, all court costs, and a
payment to a crime stoppers organization not to exceed $50. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 11(a)(8), (21) (Vernon Supp. 2006). The court may order that the
defendant pay a community supervision fee of not less than $25 or more than $60 per month. 
Tex. Gov't Code Ann. § 103.021(9) (Vernon Supp. 2006). In addition to any fine
authorized by law, a trial court may order a defendant to make restitution to any victim of the
offense for which the defendant has been convicted. See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, § 51, 1995 Tex. Gen. Laws 2734, 2749 (amended 1999, 2001, 2005) (current
version at Tex. Code Crim. Proc. Ann. art. 42.037(a) (Vernon 2006)). The State concedes
the trial court did not order Revia to make restitution to the victim of the theft.

 Revia argues that any amount not labeled as a "court cost" constitutes punishment and
must be orally pronounced as part of his sentence. The sentence is the part of the judgment
ordering that punishment be executed as prescribed by law. See Tex. Code Crim. Proc.
Ann. art. 42.02 (Vernon 2006). The punishment for felony theft is confinement in state jail
for not more than two years or less than 180 days, and may include a fine not to exceed
$10,000. Tex. Pen. Code Ann. § 12.35(a), (b) (Vernon 2003), § 31.03 (a), (e)(4) (Vernon
Supp. 2006). A sentence must be pronounced orally in the defendant's presence. Taylor v.
State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence
assessed, is the written declaration and embodiment of the oral pronouncement, and when
there is a conflict, the oral pronouncement controls. Id. 

 The court costs and fees Revia is ordered to pay are not punishment for felony theft. 
See Tex. Pen. Code Ann. §§ 12.35, 31.03; see, e.g., Wilson v. State, Nos. 05-99-00118-CR,
05-99-00119-CR, 2000 WL 233173, at *1 (Tex. App.--Dallas Mar. 2, 2000, no pet.) (not
designated for publication) (stating that court costs are not punishment). The supervision fee,
court costs, and crime stoppers fee are expressly authorized by statute. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 11(a)(8), (21); Tex. Gov't Code Ann. § 103.021(9). The Code of
Criminal Procedure authorizes the trial court to order a presentence investigation; thus, the
"PSI fee" is a court cost. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon 2006). 
The $70 "assessment" appears to be a fee or cost associated with the court proceeding. 
These costs and fees did not have to be orally pronounced because they were not part of the
punishment. 

 When the trial court adjudicated guilt, the court did not orally pronounce any fine as
part of Revia's punishment. The Court of Criminal Appeals has held that "when guilt is
adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including
the previously imposed fine." Taylor, 131 S.W.3d at 502. In this case, because the trial
court's order adjudicating Revia's guilt set aside the order deferring adjudication and the
previously imposed $1,000 fine, the $1,000 amount must be deleted from the amount Revia
is ordered to pay. See id. Furthermore, $450 in court costs must be deleted because, as the
State acknowledges, there is a $450 duplication in court costs.

 We modify the judgment to reflect the amount ordered paid is not restitution but rather
court costs and fees. We further modify the judgment to reflect a $1450 reduction in the
amount the court ordered Revia to pay. See Tex. R. App. P. 43.2(b), 43.6; see also Nolan v.
State, 39 S.W.3d 697, 698 (Tex. App.--Houston [1st Dist.] 2001, no pet.). This modification
represents a deletion of the $1000 fine not orally pronounced when the trial court adjudicated
guilt and assessed the sentence, and the deletion of the duplicate $450 in court costs. As
modified, the judgment is affirmed. 

 AFFIRMED AS MODIFIED. 

 

 

 DAVID GAULTNEY

 Justice


Submitted on June 5, 2007 

Opinion Delivered August 29, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.