Opinion issued October 1, 2009 










 





In The

Court of Appeals

For The

First District of Texas

___________


NO. 01-08-00658-CR

____________


 JEREMIAH BERNARD ELLIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 1122140





MEMORANDUM OPINION

 Appellant, Jeremiah Bernard Ellis, pleaded guilty to the offense of aggravated
robbery with an agreement from the State that his punishment would not exceed
confinement for 15 years. Along with the plea of guilty in trial court cause number
1122140, appellant, appellant's counsel, and the State signed a stipulation of evidence
which included, among others, the following statements: "I intend to enter a plea of
guilty and understand that the prosecutor will recommend that my punishment should
be set "without an agreed recommendation- capped at 15 years TDCJ - ID." The plea
papers also include the notation 'PSI w/cap 15 yr" and "burg hab in cause # 1122141
dismissed at plea in exchange for truthful testimony against co-defendants." 
Appellant also stated that he agreed to that recommendation. The plea papers
contained a written waiver of right to appeal that states "I waive my right of appeal
which I may have should the court accept the foregoing plea bargain agreement
between myself and the prosecutor." 

 In accordance with appellant's plea bargain agreement with the State to cap
punishment at confinement for 15 years in trial court cause number 1122140, the trial
court sentenced appellant to confinement for nine years, a punishment that fell within
the agreed punishment cap. 

 Appellant did not request the trial court's permission to appeal any pre-trial
matters, and the trial court did not give appellant permission to appeal. Appellant
filed a timely pro se notice of appeal. 

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Tex. R. App. P. 25.2 (a) (2); see Chavez v. State, 183 S.W.3d 675, 680 (Tex.
Crim. App. 2006) (holding that agreement to punishment cap is plea bargain for
purposes of Rule 25.2; Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App.
2003) (same). 

 The trial court's certification of appellant's right to appeal states that this is a
plea-bargained case and appellant has no right to appeal. The trial court's certification
of right to appeal is signed by the trial court judge, appellant, and appellant's
counsel. We note that the statement appellant has no right to appeal was also initialed
by the appellant. The record supports the certification. We must dismiss an appeal
"without further action, regardless of the basis for the appeal" if the trial court's
certification shows there is no right to appeal. Chavez, 183 S.W.3d at 680.

 An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so. Nolan v. State, 39 S.W.3d 697, 698 (Tex.App.-Houston [1st Dist.] 2001, no
pet.) (citing Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet.
ref'd)); see also TEX.R.APP. P. 43.2(b). The record shows that appellant pleaded
guilty with an agreement with the State to cap his punishment at 15 years. However
the judgment states incorrectly that the plea was "without an agreed
recommendation." We reform the trial court's judgment to reflect that appellant
pleaded guilty "with an agreed punishment recommendation to cap punishment at 15
years."

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Bland and Massengale.

Do not publish. Tex. R. App. P. 47.2(b).