Opinion issued November 5, 2009










In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-08-00370-CR
____________

DAMICA CHERI WINSTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
Harris County, Texas
Trial Court Cause No. 1120527




MEMORANDUM OPINION

          Appellant, Damica Cheri Winston, pleaded guilty to the offense of aggravated
robbery without an agreed punishment recommendation from the State. The trial
court deferred a finding of guilt, placed appellant on community supervision for 10
years, and assessed a $500 fine.  
          Subsequently, the State filed a motion to adjudicate guilt. After a hearing on
the State’s motion, the trial court found that appellant had violated the terms and
conditions of her community supervision, and found appellant guilty of the original
charge. The trial court assessed appellant’s punishment at confinement for seven
years. 
           Appellant’s counsel on appeal has filed a brief stating that the records present 
no reversible error, that the appeals are without merit and are frivolous, and that the
appeals must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807,
810 (Tex. Crim. App. 1978). 
          Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of her right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel’s brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). 
          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.


 Attorney Clyde Williams must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.
          An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so. Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.-Houston [1st Dist.] 2001, no
pet.) (citing Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.-Dallas 1991, pet.
ref'd)); see also Tex. R. App. P. 43.2(b). The record shows that at the hearing on the
State’s motion to adjudicate appellant entered a plea of not true. However, the
judgment signed by the trial court states that appellant entered a plea of true. 
Accordingly, we reform the trial court's judgment to reflect that appellant entered a
plea of not true to the allegations in the State’s motion to adjudicate guilt.



          We affirm the judgment of the trial court as reformed herein.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Keyes, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).