Opinion issued December 3, 2009







 

 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00826-CR

____________


JOHNTHAN LADARE LACY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

 Harris County, Texas

Trial Court Cause No. 1029077






MEMORANDUM OPINION


 Appellant, Johnthan Ladare Lacy, pleaded guilty to aggravated assault of a
family member. The trial court deferred a finding of guilt and placed appellant on
community supervision for five years. The State later moved to adjudicate guilt. 
After a hearing on the State's motion to adjudicate appellant's guilt, the trial court
found appellant guilty and assessed his punishment at 7 years' confinement. We
modify the judgment and, as modified, affirm.MODIFICATION OF JUDGMENT

 Appellant contends that the judgment of the trial court should be modified to
reflect Appellant's plea of "Not True" at the time of the hearing on the motion to
adjudicate his guilt. The State agrees with this contention.

 "An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so, or make any appropriate order as the law and nature of the case may require."
Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.--Houston [1st Dist.] 2001, no pet.); 
Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.--Dallas 1991, pet. ref'd) (citing
former rules of Appellate Procedure 80(b) & (c)). Under Rule 43.2(b) of the Texas
Rules of Appellate Procedure, rather than correcting and reforming a judgment, the
"Court of Appeals may . . . modify the trial court's judgment and affirm it as
modified." Tex. R. App. P. 43.2(b). 

 In his sole point of error, Appellant contends that the trial court's September
25, 2007 judgment is inaccurate. This judgment states that Appellant pleaded "True"
to the allegations that he violated the terms of his deferred adjudication. However,
it is clear from the record taken at the adjudication hearing that appellant actually
pleaded "Not True," and therefore the entry made in the judgment is erroneous. The
State agrees that the judgment does not accurately reflect the plea that appellant
entered at the hearing.

CONCLUSION

 Accordingly, we modify the trial court's judgment to show that appellant
pleaded "Not True" to the allegations in the State's motion to adjudicate guilt. We
affirm the judgment as modified. We overrule all pending motions.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. Tex. R. App. P. 47.2(b).