Opinion issued August 12, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00722-CR

———————————

Darrick Dwayne Moore, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 180th District Court

Harris County, Texas



Trial Court Case No. 1151767

 



 

MEMORANDUM OPINION

Appellant,
Darrick Dwayne Moore, pleaded guilty to the offense of false statement to
obtain credit with an agreement from the State that his punishment would not
exceed confinement for 30 years.  Along
with the plea of guilty in trial court cause number 1151767, appellant, appellant=s counsel, and the State signed a
stipulation of evidence which included, among others, the following statements:
AI intend to enter a plea of guilty
and understand that the prosecutor will recommend that my punishment should be
set Awithout an agreed recommendationB with a maximum punishment of 30
years.@ 
The plea papers also include the notation that the State agrees “not to
prosecute Lisa Moore for any criminal indictment in the case which he is
pleading” or in “which the defendant has been charged.”           Appellant also stated that he agreed to that
recommendation.  The plea papers
contained a written waiver of right to appeal that states AI waive my right of appeal which I
may have should the court accept the foregoing plea bargain agreement between me
and the prosecutor.@  In accordance with
appellant=s plea bargain agreement with the
State to cap punishment at confinement for 30 years in trial court cause number
1151767, the trial court sentenced appellant to confinement for twenty eight
years, a punishment that fell within the agreed punishment cap.  

Appellant did not request the trial
court=s permission to appeal any pre-trial
matters, and the trial court did not give appellant permission to appeal.  Appellant filed a timely pro se notice of appeal.   

In a plea-bargained case in which the
punishment assessed does not exceed the plea agreement, a defendant may appeal
only those matters that were raised by written motion filed and ruled on before
trial, or after obtaining the trial court=s permission to appeal. Tex. R. App. P. 25.2 (a) (2);
see Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding
that agreement to punishment cap is plea bargain for purposes of Rule 25.2; Shankle
v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (same). 

The trial court=s certification of appellant=s right to appeal states that this is
a plea-bargained case and appellant has no right to appeal. The trial court=s certification of right to appeal is
signed by the trial court judge, appellant, and appellant=s counsel.  The certification that appellant has no right
of appeal, as shown on the "Trial Court's Certification of Right of
Appeal" form signed by the trial court, is supported by the record that
shows that appellant has no right of appeal due to the agreed plea
bargain.  Tex. R. App. P.
25.2(a).  We must dismiss an appeal Awithout further action, regardless of
the basis for the appeal@ if the trial court=s certification shows there is no
right to appeal. Chavez, 183 S.W.3d at 680.

An appellate court has the power to
correct and reform a trial court judgment to make the record speak the truth
when it has the necessary data and information to do so.   Nolan v. State, 39 S.W.3d 697, 698
(Tex.App.‑Houston [1st Dist.] 2001, no pet.)  (citing Asberry v. State, 813 S.W.2d
526, 529 (Tex.App.‑Dallas 1991, pet. ref'd)); see also TEX.R.APP.
P. 43.2(b).  The record shows that
appellant pleaded guilty with an agreement with the State to cap his punishment
at 30 years.  However the judgment states
incorrectly that the plea was Awithout an agreed recommendation.@ 
We reform the trial court's judgment to reflect that appellant pleaded
guilty Awith an agreed punishment
recommendation to cap punishment at 30 years.@

Accordingly, we dismiss the appeal
for lack of jurisdiction.

Any pending motions are denied as
moot. 

                                                PER
CURIAM    

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.  Tex. R. App. P.