Opinion issued August 31, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00895-CR

———————————

Robert Leon Stewart, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 184th District Court

Harris County, Texas



Trial Court Case No. 1173769

 



 

MEMORANDUM OPINION

          Appellant
Robert Leon Stewart pleaded guilty, without an agreed recommendation, to
aggravated assault, and the trial court entered affirmative findings that
Stewart used a deadly weapon and committed an act of family violence.  See
Tex. Penal Code Ann. § 22.02
(Vernon Supp. 2009) (defining aggravated assault and establishing that offense
is first-degree felony if deadly weapon used against person with whom defendant
has “dating relationship”); Tex. Fam.
Code Ann. § 71.0021(b) (Vernon 2008) (defining “dating relationship”); Tex. Code Crim. Proc. Ann. art. 42.013
(Vernon 2006) (requiring affirmative finding of family violence in certain
cases).  Stewart brings two issues on
appeal.  In his first issue, Stewart argues
that his conviction should be declared void because the statute under which he
was convicted is unconstitutionally vague on its face.  Because he did not raise this issue in the
trial court, Stewart has waived it.  In
his second issue, Stewart argues that the judgment of conviction should be
reformed to reflect a conviction for “aggravated assault” instead of “Agg.
Assault—Family Member SBI.”  Because this
clerical error is not substantial enough to warrant reformation, we affirm the
judgment of the trial court.

I.                 
Background

Stewart was dating Autumn
Norman.  While riding in Stewart’s car,
they had an argument.  Stewart stopped at
a gas station, and their argument escalated. 
Stewart pushed Norman out of the front passenger seat, but Norman’s arm
became entangled in the seatbelt. 
Stewart drove about half a mile at approximately 30 miles per hour,
dragging Norman alongside the car.  Other
drivers honked and notified the police. 
Stewart pulled onto a side street and stopped the car.  A police officer arrived and arrested
Stewart.  Norman suffered extensive
injuries.

Stewart pleaded guilty to
“Aggravated Assault—Family Member” without an agreed recommendation.  The trial court made affirmative findings
that Stewart used a deadly weapon and committed an act of family violence, and it
sentenced him to 40 years’ confinement in prison.

II.              
Whether
“Dating Relationship” is Unconstitutionally Vague is Not Preserved for
Appellate Review

 

In his first issue, Stewart argues
that section 22.02(b)(1) of the Texas Penal Code is unconstitutional on its
face because it incorporates the definition of “dating relationship” from Texas
Family Code section 71.0021(b), which Stewart contends is unconstitutionally
vague.[1]  See
Tex. Penal Code Ann. §
22.02(b)(1); Tex. Fam. Code Ann.
§ 71.0021.  As Stewart does not rely on
any evidence but merely on the statute and the charging instrument, his
constitutional challenge is a facial challenge. 
See Karenev v. State, 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran,
J., concurring).  Stewart relies on Long v. State, 931 S.W.2d 285, 287 n.3
(Tex. Crim. App. 1996), and Woodson v.
State, 191 S.W.3d 280, 282 (Tex. App.—Waco 2006, pet. ref’d), for the
proposition that he may raise this constitutional challenge for the first time
on appeal because it is a facial challenge. 
These cases preceded Karenev v.
State, 281 S.W.3d 428 (Tex. Crim. App. 2009), in which the Court of
Criminal Appeals held that “a defendant may not raise for the first time on
appeal a facial challenge to the constitutionality of a statute.”  Karenev,
281 S.W.3d at 434.  Stewart did not
challenge the constitutionality of this statute in the trial court, and thus he
may not do so now.  See id.; see also Obryant v.
State, No. 01-08-00740-CR, 2009 WL 4724667, at *5 (Tex. App.—Houston [1st
Dist.] Dec. 10, 2009, pet. ref’d) (mem. op., not designated for
publication).  

We overrule Stewart’s first issue.

III.          
The Trial Court’s Judgment Need Not Be Reformed 

In his second issue, Stewart argues
that the trial court’s judgment should be reformed to show a conviction for
aggravated assault not “Agg. Assault—Family Member SBI” because the Penal Code
does not include an offense of aggravated assault on a family member.  The trial court’s judgment includes
affirmative findings that Stewart used a deadly weapon and committed an act of
family violence.  

An appellate court has the power to
correct and reform a trial court’s judgment to make the record speak the truth
when it has the necessary data and information to do so.  French
v. State, 830 S.W.2d 607, 709 (Tex. Crim. App. 1992); Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.]
2001, no pet.).  Stewart pleaded guilty
to an indictment that alleged that he “unlawfully, intentionally and knowingly cause[d]
serious bodily injury to AUTUMN NORMAN, a person with whom [Stewart] had a dating
relationship . . . .”  Before the trial
court pronounced Stewart’s sentence, the court stated that it had “previously
accepted [his] plea of guilty to aggravated assault with a deadly weapon.”  The judgment adequately states the crime for
which Stewart was convicted—aggravated assault—and we do not find this
difference substantial enough to warrant reformation.  

We overrule
Stewart’s second issue.




 

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Alcala, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           “[D]ating
relationship” means a relationship between individuals who have or have had a
continuing relationship of a romantic or intimate nature.  The existence of such a relationship shall be
determined based on consideration of:

(1)  the
length of the relationship;

(2)  the
nature of the relationship; and 

(3)  the
frequency and type of interaction between the persons involved in the
relationship.

 

Tex. Fam. Code Ann.
§ 71.0021(b) (Vernon 2008).  “A casual
acquaintanceship or ordinary fraternization in a business or social context
does not constitute a ‘dating relationship’ . . . .”  Id.
§ 71.0021(c)