**Affirmed as Reformed and Opinion Filed May 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00635-CR

**ANTHONY BERNARD JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1370744-S**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Anthony Bernard Johnson appeals his aggravated assault with a deadly weapon conviction. A jury convicted appellant, and the trial court assessed punishment at thirty years' confinement. In two points of error, appellant argues the evidence was insufficient to support his conviction, and the judgment should be modified to reflect the correct sentence. As reformed, we affirm the trial court's judgment.

Urona Jackson met appellant in January 2013, and they began dating. On March 29, 2013, appellant and Jackson were staying at a motel in Dallas. Jackson and appellant had alcohol and cocaine. Jackson ordered pizza while appellant was sleeping. Jackson left the room to get a soda from the machine downstairs, and when she returned to the room appellant was awake. Appellant said Jackson "left him in the room" and she "wasn't allowed to leave the

room," so he "punished" her. Appellant hit Jackson with open and closed fists on her head, face, body, and "everywhere that [she] could be hit." Appellant forced Jackson to take her clothes off and hid her clothes so she "wouldn't leave." The "punishment" continued for approximately 45 minutes until appellant "got tired of beating [Jackson] and fell asleep." When appellant woke up the next morning, he asked Jackson "What happened to you?" Jackson told him, "You did this." Appellant began hitting Jackson in the chest and told Jackson not to flinch. Appellant told Jackson if she flinched again, "he would kick [Jackson's] nose into [her] face." Appellant strangled Jackson with both hands, causing her to lose consciousness. Appellant looked like a "monster" and said, "I'll kill you." Appellant stopped when Jackson said she could not breathe.

When appellant and Jackson checked out of the motel on Sunday, Jackson saw a man standing against a car and told the man she needed to go to the hospital. Jackson did not know the man, "Trevor," but he took her and appellant to the hospital. Appellant allowed Jackson to be taken to the hospital because she was "in and out of consciousness." Appellant and Jackson agreed she would say at the hospital that she had been in a car accident. Inside the hospital, appellant stayed close to Jackson, and Jackson did not feel free to talk. However, when they "called [Jackson] to admit -- to get [her] information," they asked what happened to Jackson. Jackson asked for a piece of paper and wrote, "My boyfriend done this to me. I'm afraid for my life. Please help." Hospital staff took Jackson "straight to the back," did not permit appellant to follow, and called the police.

Appellant was indicted on a charge of aggravated assault with a deadly weapon. At trial, appellant was present during the entire voir dire. At the beginning of voir dire, appellant's counsel stated he was "proud to represent Anthony Johnson." Appellant's counsel asked the venire, "if Mr. Johnson chooses not to testify, would you hold it against him?" After voir dire,

–2–

outside the presence of the jury, appellant engaged in a lengthy colloquy in which appellant repeatedly stated, "I'm not going to trial."

The next day before trial began, the trial court again spoke on the record with appellant regarding his presence at trial. Appellant presented a motion to dismiss his counsel, which the trial court denied. Appellant stated he did not want to represent himself but maintained he was "not ready to go to trial." Appellant admitted he "done made a mistake based on under the influence of alcohol, drugs that me and her both was on." Appellant said he was "going to be disruptive." The trial court stated appellant was "voluntarily absenting himself from these proceedings" and, if appellant did not want to be there for the trial, appellant did not have to stay. Appellant was returned to the holdover.

During Jackson's testimony, the prosecutor showed Jackson a photograph, State's Exhibit 27. Jackson testified she recognized the person in the photograph and identified him as Anthony Johnson. Jackson testified it was Anthony Johnson who beat, choked, and threatened her. The prosecutor asked, "The same Anthony Johnson that's in the picture of State's Exhibit 27?" and Jackson said, "Yes." The photograph was admitted and published to the jury. The jury subsequently convicted appellant of aggravated assault with a deadly weapon, and this appeal followed.

In his first point of error, appellant complains the evidence is insufficient to support his conviction because appellant was never identified in court as the man who hurt Jackson.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for

that of the fact finder.  *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See  Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  Our review includes both properly and improperly admitted evidence.  *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence.  *Id.*

Here, appellant was indicted for the underlying offense and the case was set for trial. Throughout the entire proceeding, appellant never raised the issue of whether he was the man who beat Jackson.  Appellant was present during voir dire, and the entire venire had the opportunity to see him.  Based on his own refusal to participate in his trial, appellant was absent from the trial.  However, the State introduced without objection a photograph of appellant which Jackson identified as Anthony Johnson, the man who beat and choked her, and the members of the jury were able to compare the person they saw in the courtroom to the person depicted in the photograph.  We conclude this evidence was sufficient to identify appellant as the man who caused Jackson's injuries.  *See Temple*, 390 S.W.3d at 360; *Wesbrook*, 29 S.W.3d at 111.  We overrule appellant's first point of error.

The judgment in this case shows appellant received a thirty-five-year sentence.  In his second point of error, appellant argues the judgment should be modified to show appellant received a thirty year sentence with a deadly weapon finding.  The State agrees.  An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.  *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.— Houston [1st Dist.] 2001, no pet.)(quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—

Dallas 1991, pet. ref'd)).  We sustain appellant's second point of error.  We order the trial court's

judgment to be reformed to show appellant received a sentence of thirty years' confinement.

       In all other respects, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

140635F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ANTHONY BERNARD JOHNSON, Appellant

No. 05-14-00635-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1370744-S.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The sentence of 35 years is deleted and a sentence of 30 years is substituted.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 29, 2015.