**Affirmed as Reformed and Opinion Filed June 1, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01243-CR

**JONATHAN LYNN BOUGHTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1215740-H**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Jonathan Lynn Boughton appeals his aggravated sexual assault conviction. A jury convicted appellant, and the trial court sentenced him to twenty-five years' confinement. In a single issue, appellant argues the evidence is insufficient to support his conviction. In a cross-point, the State argues the judgment should be reformed to correctly show that appellant was convicted under section 22.021 of the penal code. As reformed, we affirm the trial court's judgment.

Appellant was charged by indictment with the offense of sexual assault of his niece, V.M., who was fourteen at the time of trial. V.M. testified appellant came to stay with her family for the summer when she was six years old. Appellant babysat V.M. and her brother. Appellant and V.M. were sitting on a bed when appellant asked if she wanted to play "the

nervous game." V.M. testified the nervous game involved appellant touching V.M. on the leg and moving his hand up her thigh "to see if [she] would get nervous." Appellant moved his hand "all the way up" and touched V.M.'s "privates." V.M. testified her "privates" were the vagina. After that first time, "it was more and more each day," with appellant eventually touching both "the inside and outside" of her vagina and "showing his parts," which V.M. said was his penis. Appellant also put his penis in V.M.'s vagina "almost every day." As a result, V.M.'s "body would hurt," and her back "was really in pain." V.M. remembered "one time bleeding," and that made her "scared."

V.M.'s mother had a boyfriend who had several children, one of which was a daughter named Ashley. Ashley was "16, 17" when she lived with V.M. and her mother. Until she was eleven years old, V.M. had not told anyone about the abuse because she "thought [she] was going to be the one to get in trouble or no one was going to believe [her]." V.M.'s parents were "going through a really hard time dealing with their divorce," and V.M. thought "bringing this up" would make things worse. V.M. testified she was scared her father was going to hurt appellant. One night, V.M. was with some friends and Ashley and Ashley's boyfriend when one of V.M.'s friends asked for a cigarette. Ashley's boyfriend was "getting onto us" about how "we shouldn't be smoking." V.M. took Ashley aside and told her about the abuse to explain V.M. "wasn't this big troublemaker out of nowhere." Even though Ashley said she would not tell anyone, V.M. "knew in the back of [her] head she was going to tell someone because that's something that you should do." One night thereafter, V.M.'s stepmother and father came into her room, woke her up, and "were freaking out." They asked V.M. if appellant had touched her, and V.M. denied "everything" because she was scared her father was going to "freak out" and she was "scared of what he was going to do." The next morning, V.M. went to her father and

told him, "yes, it's true, that [appellant] did touch [V.M.] for a long time." V.M. "didn't really give them too much details," but her parents took her to the police.

Appellant testified V.M. is five years younger than him. Appellant testified he never touched V.M.'s "genitalia, her private parts." Appellant testified he never played a "nervousness" game with anybody. Nevertheless, the jury convicted appellant of aggravated sexual assault, and this appeal followed.

In a single issue, Appellant argues the evidence is insufficient to support his conviction. Specifically, appellant argues V.M.'s "chaotic family," the fact that V.M. "lived in numerous cities and houses," V.M.'s "drug use and addiction," the fact V.M. got "in trouble at school," and the "details of the outcry," when coupled with the defensive evidence in this case, render the evidence insufficient to support the verdict.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

To satisfy the elements of aggravated sexual assault of a child as alleged in count one of the indictment, the State was required to prove that appellant intentionally or knowingly penetrated the sexual organ of the victim, a child under fourteen at the time, with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2014).

Here, V.M. testified appellant sexually assaulted her on many occasions over several years. The jury was free to believe V.M.'s testimony and disbelieve appellant. Further, this testimony alone was sufficient to establish appellant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07. Under the facts and circumstances of this case, we conclude the evidence was sufficient to support appellant's aggravated assault conviction. *See Temple*, 390 S.W.3d at 360; *Wesbrook*, 29 S.W.3d at 111.

In its cross-point, the State points out the judgment in this case states the "Statute for Offense" is "22.021 Property Code." The State asks us to reform the judgment to reflect appellant was convicted under "22.021 Penal Code." We note the judgment also incorrectly states that the punishment was assessed by the jury. An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.), quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We sustain the State's cross-point. We order the trial court's judgment be reformed to show appellant was convicted under "22.021 Penal Code" and the punishment was assessed by the trial court.

In all other respects, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

131243F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN LYNN BOUGHTON,
Appellant

No. 05-13-01243-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1215740-H.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

under the heading "Statute for Offense," the word "Property" is deleted and the word "Penal" is substituted. Under the heading "Punishment Assessed by:," the word "JURY" is deleted and the word "COURT" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 1, 2015.