**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00062-CR

———————————

## CHRISTOPHER ALLEN SNYDER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 207th District Court
Comal County, Texas[1]
Trial Court Case No. CR2016-800

## MEMORANDUM OPINION

---

[1]   Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 18–9010 (Tex. Jan. 12, 2018); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).

After appellant, Christopher Allen Snyder, without an agreed punishment recommendation from the State, pleaded guilty to the offense of aggravated sexual assault of a child under fourteen years of age,[2] a jury assessed his punishment at confinement for fifty years and a fine of $10,000. In his sole issue, appellant contends that the trial court's judgment should be modified.

We modify the trial court's judgment and affirm as modified.

## Background

A Comal County Grand Jury issued a true bill of indictment, alleging that appellant, on or about July 24, 2016, "did then and there intentionally or knowingly cause the penetration of the male sexual organ of [the complainant], a child younger than 14 years of age, with the mouth of [appellant], and during commission of said assault, [appellant] did use or exhibit a deadly weapon, to-wit, saliva of [appellant], that in a manner of its use or intended use was capable of causing death or serious bodily injury."[3] Further, it alleged that appellant, on or about July 24, 2016, "did then and there intentionally or knowingly cause the male sexual organ of [the complainant], a child younger than 14 years of age, to contact the mouth of [appellant], and during commission of said assault, [appellant] did use or exhibit a

---

[2]    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon Supp. 2017).

[3]    *See id.* § 22.021(a)(1)(B)(iii), (a)(2)(A)(iv), (f)(2).

2

deadly weapon, to-wit: saliva of [appellant], that in the manner of its use or intended use was capable of causing death or serious bodily injury."[4]

Before trial, the State moved to amend the indictment to allege that appellant, on or about July 24, 2016, "did then and there intentionally or knowingly cause . . . the male sexual organ of [the complainant], a child younger than 14 years of age, to penetrate the mouth of [appellant]" and appellant, on or about July 24, 2016, "did then and there intentionally or knowingly cause the male sexual organ of [the complainant], a child younger than 14 years of age, to contact the mouth of [appellant]."[5] The trial court granted the State's motion to amend.

Appellant then pleaded guilty, without an agreement recommendation from the State, to the offense of aggravated sexual assault of a child under fourteen years of age.[6] And the trial court instructed the jury to find appellant guilty of the aforementioned offense. The jury assessed appellant's punishment at confinement for fifty years and a fine of $10,000.

## Modification of Judgment

In his sole issue, appellant argues that the trial court's judgment should be modified to reflect that he was convicted of aggravated sexual assault of a child

---

[4]    *See id.*

[5]    *See id.* § 22.021(a)(1)(B)(iii), (a)(2)(B).

[6]    *See id.*

under fourteen years of age, pursuant to Texas Penal Code section 22.021(a)(1)(B)(iii), (a)(2)(B), rather than "super aggravated sexual assault" of a child under fourteen years of age, pursuant to section 22.021(a)(1)(B)(iii), (a)(2)(A)(iv), (f)(2).[7] The State also requests that this Court reform the trial court's judgment.

Here, the trial court's written judgment does not accurately comport with the record in this case in that it states "22.021(f)(2) Penal Code" in regard to the "Statute for Offense" of which appellant was convicted. The record, however, reveals that appellant actually pleaded guilty to the offense of aggravated sexual assault of a child under fourteen years of age, pursuant to Texas Penal Code section 22.021(a)(1)(B)(iii), (a)(2)(B).

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). This is true no matter who, or if anyone, has called the matter to the attention of the appellate court. *See French v. State*, 830 S.W.2d 607,

---

[7] *See, e.g.*, *Moreno v. State*, 413 S.W.3d 119, 123 & n.1, 128–30 (Tex. App.—San Antonio 2013, no pet.) (referring to offense under Texas Penal Code section 22.021(f)(2) as "'Super' Aggravated Sexual Assault of a Child").

4

609 (Tex. Crim. App. 1992); *Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Asberry*, 813 S.W.2d at 529–30 ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Accordingly, we modify the trial court's judgment to reflect that the "Statute for Offense" of which appellant was convicted is "22.021(a)(1)(B)(iii), (a)(2)(B) Penal Code." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (modifying the "Statute for Offense" (internal quotations omitted)).

We sustain appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court as modified.


Terry Jennings
Justice

Panel consists of Chief Justice of Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

5