**Opinion issued July 16, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00497-CR

———————————

**CHRISTOPHER DIONE ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1558015**

---

## MEMORANDUM OPINION

After appellant, Christopher Dione Alexander, without an agreed punishment recommendation from the State, pleaded guilty to the offense of possession of a prohibited substance in a correctional facility,[1] the trial court

---

[1]   *See* TEX. PENAL CODE ANN. § 38.11(d)(1).

assessed his punishment at confinement for three years. In his sole issue, appellant contends that the trial court's judgment of conviction for the offense of possession of a prohibited substance in a correctional facility should be reversed and modified.

We modify the trial court's judgment and affirm as modified.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about July 8, 2017, "unlawfully, intentionally and knowingly possess[ed] a controlled substance, to-wit: cocaine while in a correctional facility, namely, Harris County Jail." The indictment did not include any enhancement paragraphs.

Appellant pleaded guilty to the offense of possession of a controlled substance in a correctional facility. His plea papers do not list any enhancement allegations, and appellant did not plead true to the allegations in any enhancement paragraphs.

The trial court entered judgment against appellant for the offense of possession of a prohibited substance in a correctional facility and sentenced appellant, pursuant to the State's recommendation, to confinement for three years to run concurrently with a sentence in a separate cause. The judgment of conviction states that appellant entered pleas of "[t]rue" to the allegations in two enhancement paragraphs that he had twice been previously convicted of felony

2

offenses, and the trial court also found those two enhancement paragraphs to be "[t]rue."

## Modification of Judgment

In his sole issue, appellant argues that the trial court's judgment of conviction for the offense of possession of a prohibited substance in a correctional facility should be reversed and modified because he did not enter a plea in regard to any enhancement paragraphs. The State also requests that we modify and affirm, rather than reverse, the trial court's judgment.

Here, the trial court's written judgment does not accurately comport with the record in this case in that it states that appellant pleaded "[t]rue" to the allegations in two enhancement paragraphs and that the trial court found the allegations in both enhancement paragraphs to be "[t]rue." The record, however, does not reveal that appellant entered such pleas or that the trial court made such findings. Further, the punishment range for the offense of possession of a controlled substance in a correctional facility is "imprisonment in the Texas Department of Criminal Justice for a term of not more than 10 years or less than 2 years." TEX. PENAL CODE ANN. § 12.34(a). A plea and subsequent finding of "[t]rue" to the allegations in two enhancement paragraphs would have increased appellant's punishment range to confinement for "not more than 99 years or less than 25 years." *Id.* at § 12.42(d). Because the trial court assessed appellant's punishment

3

at confinement for three years, the record demonstrates that no enhancement paragraphs were found "true" and considered in sentencing appellant in this case.

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so[] or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). This is true no matter who, or if anyone, has called the matter to the attention of the appellate court. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *see also Asberry*, 813 S.W.2d at 529–30 ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Accordingly, we modify the trial court's judgment to state "N/A" in regard to appellant's Plea to 1st Enhancement Paragraph and "N/A" in regard to appellant's Plea to 2nd Enhancement/Habitual Paragraph. We further modify the trial court's judgment to state "N/A" in regard to the Findings on 1st Enhancement Paragraph and state "N/A" in regard to Findings on 2nd Enhancement/Habitual Paragraph. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28

4

(Tex. Crim. App. 1993).  Appellant has presented no basis for reversal of the trial court's judgment.  *See* TEX. R. APP. P. 38.1.

We sustain, in part, appellant's sole issue.

## Conclusion

We modify the trial court's judgment and affirm as modified.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).