**Opinion issued February 26, 2013.**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

————————

**NO. 01-11-00951-CR**

————————

**MICHAEL WAYNE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1307309

**MEMORANDUM OPINION**

A jury found appellant, Michael Wayne Brown, guilty of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(1) (Vernon 2011). Appellant pleaded true to two state jail felony enhancements, and the trial court assessed punishment at eight years' confinement. *See* TEX. PENAL CODE ANN. § 12.425(a) (Vernon Supp. 2012). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence adduced at the trial, supplies us with references to the record, and provides us with citation to legal authorities. Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, counsel's brief reflects that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See id*. at 408. Appellant has not filed a pro se response.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining

that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826-27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

Although appellant pleaded true to the enhancement paragraphs, on the judgment, the trial court entered "N/A" where it should have noted appellant's pleas of true and the trial court's findings of true with respect to each enhancement paragraph. "[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.' " *Nolan v. State,* 39 S.W.3d 697, 698 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Because appellant pleaded true to the enhancement paragraphs, and because we determine that the trial court impliedly found the enhancement paragraphs true, we conclude that we have the necessary evidence to correct the judgment. *See Harris v. State,* No. 05–02–01728–CR, 2005 WL

639388, at *2 (Tex. App.—Dallas Mar. 21, 2005, pet. denied) (holding that, even though trial court made no oral or written findings on two prior convictions, punishment imposed by trial court fell within enhanced range and trial court had impliedly found enhancement paragraphs to be true). Accordingly, we modify the judgment to reflect that appellant pleaded true to both enhancement paragraphs in the indictment and to reflect the trial court's implied findings of true on the enhancement paragraphs.

As modified, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney, Mark A. Rubal, must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).