

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00163-CR

ROBERT RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-433,512, Honorable John J. "Trey" McClendon, Presiding

November 14, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Robert Rodriguez appeals from the trial court's judgment of conviction of the offense of burglary of a habitation.[1] Through one issue, Rodriquez asks this Court to reform the judgment. The State agrees it should be reformed. We will reform the judgment, and affirm it as reformed.

---

[1] TEX. PENAL CODE ANN. 30.02(c)(2) (West 2012).

## Background

Rodriguez was indicted in January 2012 for burglary of a habitation. The indictment also contained an enhancement paragraph stating Rodriguez had been convicted of attempted burglary of a habitation in August 2008. The State later filed a notice concerning another prior conviction, alleging a juvenile adjudication.

In April 2013, the trial court held a hearing on Rodriguez's open guilty plea. The court accepted Rodriguez's plea, finding him guilty as alleged in the indictment, found the first enhancement paragraph "true" and sentenced Rodriguez to thirty-five years of imprisonment in the Texas Department of Criminal Justice, Institutional Division. The written judgment signed in June 2013 differed from the oral pronouncement in that it stated Rodriguez plead "true" to a second "enhancement/habitual" paragraph and that the court found the second "enhancement/habitual" paragraph was true.

## Analysis

Rodriguez argues we should reform the trial court's written judgment to reflect that he did not plead "true" to the second habitual offender felony enhancement paragraph, and that the trial court did not find the habitual offender felony enhancement allegation to be true. The State agrees.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1 (West 2012); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Thompson v.*

*State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Ex parte Madding,* 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). An appellate court has the power to "correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require." *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also Nolan v. State,* 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The Texas Rules of Appellate Procedure allow us to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b).

Both parties agree the written judgment incorrectly reflects Rodriguez plead "true" to the second habitual offender felony enhancement paragraph, and the trial court found the second habitual offender felony enhancement paragraph to be "true." Rodriguez was admonished orally and in writing that the applicable range of punishment was imprisonment for a period of five to ninety-nine years due to the prior 2008 felony conviction but he was not admonished regarding the habitual offender range of punishment. And, the State expressly stated during the plea hearing that the juvenile offense alleged in the second enhancement paragraph could not be used to enhance the range of punishment to a habitual offender range of punishment under the Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(f). Further, as noted, the court's pronouncement of sentence made no finding regarding the juvenile adjudication described in the second enhancement paragraph.

We sustain appellant's issue, and reform the judgment to remove the erroneous statements on both the first and second pages of the written judgment regarding the

3

second habitual offender felony enhancement paragraph. *See Sterling v. State,* No. 05-99-00417-CR, 1999 Tex.App. LEXIS 7734 (Tex. App.—Dallas Oct. 18, 1999, no pet.) (mem. op, not designated for publication) (reforming judgment on similar facts). On the first page, we reform the judgment to remove "true" from the "Plea to 2nd Enhancement/Habitual Paragraph" and "true" from the "Findings on 2nd Enhancement/Habitual Paragraph." On the second page of the judgment, we reform the judgment to remove the following language: "The Court further finds that the defendant is one and the same defendant named in enhancement paragraph number two (2) and the Court finds as true that he had been previously and duly convicted of a felony offense of Aggravated Assault, in Cause No. 98-763949 in the 137th District Court of Lubbock County, Texas that had become final prior to the commission of each of the aforementioned felony offenses."

As reformed, the judgment of the trial court is affirmed.


James T. Campbell
Justice


Do not publish.

4