**Opinion issued August 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01026-CR

————————————

**HERSSON STANLEY ORELLANA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 1370742

## MEMORANDUM OPINION

Appellant, Hersson Stanley Orellana, appeals from his conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant entered an open plea of guilty to the charged offense. The trial court sentenced

appellant to twenty years' confinement, assessed court costs, and certified appellant's right to appeal. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that she delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore, the appeal is frivolous. *See Anders*, 386

U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the trial court's judgment, on page 2 under the section titled "Furthermore, the following special findings or orders apply," states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." The record, however, reflects that appellant has a right to appeal.[1] Because the judgment incorrectly states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED," we modify the trial court's judgment to delete that phrase. *See Denson v. State*, Nos. 01-10-00276-CR, 01-10-00277-CR, 2011 WL 5617871, at *2 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011, no pet.); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* TEX. R. APP. P. 43.2(b).

---

[1] Appellant's plea was not entered pursuant to a plea-bargain agreement. The trial court's certification of appellant's right to appeal correctly reflects that appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d).

3

We affirm the judgment of the trial court, as modified, and grant counsel's motion to withdraw.[2]  Attorney Frances Bourliot must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[2]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).