

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00365-CR
No. 07-13-00366-CR
_____

**RUSSELL WAYNE UHRIG, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court Nos. 2011-1107-C1 & 2011-2067-C1; Honorable Ralph T. Strother, Presiding

March 10, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On October 29, 2012, pursuant to a plea of guilty, Appellant, Russell Wayne Uhrig, was convicted in trial court cause number 2011-1107-C1 of the second degree felony offense of attempted aggravated sexual assault of a disabled individual.[1] On the same day, in trial court cause number 2011-2067-C1, and also pursuant to a plea of

---

[1] TEX. PENAL CODE ANN. § 15.01(b) (West 2011), § 22.021(a)(1)(A), (2)(C) (West Supp. 2014).

guilty, he was convicted of the third degree felony offense of harassment by persons in certain correctional facilities.[2] In accordance with a plea agreement, he was sentenced in each cause to ten years confinement, suspended in favor of community supervision for ten years. Nine months later, the State moved to revoke his community supervision based on multiple violations of the terms and conditions thereof. At a hearing on the State's motion, where Appellant entered a plea of "not true" to the allegations asserted therein, the trial court found some, but not all of the allegations to be true and entered a judgment in each cause revoking Appellant's community supervision and assessing the original sentence of ten years. In presenting these appeals, Appellant's counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

MOTION TO WITHDRAW

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records in each case, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).

Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App.

---

[2] TEX. PENAL CODE ANN. § 22.11(a)(1) (West 2011). The indictment alleged Appellant, while incarcerated, and with intent to harass, alarm or annoy a named individual, caused that individual to contact his saliva.

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

2

1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[4] and (3) informing him of his right to file a *pro se* petition for discretionary review.[5]  *In re Schulman*, 252 S.W.3d at 408.  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

BACKGROUND

Appellant was accused of attempted sexual assault of a female with mental health issues.  While in jail on that charge, he spat on a correctional officer's face which gained him the second charge of harassment by persons in certain correctional facilities.  Appellant, who himself suffers from mental health issues that require medication, was originally found incompetent to stand trial and was confined to a State mental health facility pursuant to article 46B.073 of the Texas Code of Criminal Procedure.[6]

---

[4] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35.  The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

[6] TEX. CODE CRIM. PROC. ANN. art. 46B.073 (West Supp. 2014) (allowing for commitment of a defendant for restoration of competency).

3

In March 2012, Appellant was found competent to stand trial and assist his attorney in presenting a defense. On September 13, 2012, Appellant and the State entered into the aforementioned plea agreement. The only condition of community supervision specifically spelled out in the plea agreement was placement in the Mexia State School. On October 29, 2012, judgments were entered in cause number 2011-1107-C1, containing forty-four conditions of community supervision, and in cause number 2011-2067-C1, containing twenty-two conditions of community supervision. On May 31, 2013, the conditions were amended to include, among other conditions, a transfer to the San Angelo State Supported Living Center, a lock-down facility, until successfully discharged by the trial court or the McLennan County Community Supervision and Corrections Department.

Two months later, on July 31, 2013, the State moved to revoke Appellant's community supervision in both causes. In cause number 2011-1107-C1, the State alleged eleven separate violations of the condition that he "avoid injurious or vicious habits" and seven failure-to-pay violations. In cause number 2011-2067-C1, the State alleged the same eleven violations of the condition that he "avoid injurious or vicious habits" and one failure-to-pay violation. The "avoid injurious or vicious habits" allegations included allegations that Appellant (1) punched the walls, (2) banged his head, (3) punched and threatened to kill staff at the San Angelo Supported Living Center, (4) engaged in verbally abusive conduct, (5) threw rocks, and (6) attempted to leave the court-ordered facility.

On October 7, 2013, at a hearing on the State's motions to revoke, Appellant's community supervision officer was the sole witness. She testified that Appellant had

4

difficulty abiding by rules, had serious aggression issues, and was placed on a one-to-one staff based plan, which meant he was supervised twenty-four hours a day, seven days a week. The staff person's duties included reminding Appellant of his boundaries and redirecting his behavior when it was considered harmful. Originally, his supervision officer recommended to her director that his sex offender therapy occur on campus and not off-site due to safety concerns; however, after several attempts, it was eventually determined that Appellant was too dangerous to supervise. According to the officer's testimony, Appellant consistently punched walls, banged his head on both the walls and floor, threw rocks, physically and verbally abused and threatened staff (including a threat to shank and kill a staff member), attempted to leave the facility by jumping over a fence, and engaged in other aggressive behavior on a regular basis. She concluded he was not a candidate for community supervision and recommended revocation. At the conclusion of the hearing, as to both causes, the trial court found seven of the eleven "avoid injurious or vicious habits" violations to be true, while finding all of the remaining violations to be not true.

By the *Anders* brief, counsel raises four arguable issues questioning whether: (1) Appellant was in custody for purposes of article 38.22 of the Texas Code of Criminal Procedure when originally questioned; (2) trial counsel's performance was ineffective for failing to object to hearsay; (3) the evidence is sufficient to support certain, but not all allegations; and (4) the trial court erred in denying Appellant credit for time spent in the State Supported Living Center. Counsel ultimately concludes the arguable issues have no merit.

5

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Here, we have independently examined the entire record in both causes to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the records and counsel's

briefs, we agree with counsel that there is no plausible basis for reversal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

ATTORNEY'S FEES

In our review of the record, we noticed a clerical error in the judgment. The respective judgments assessed court costs of $1,478 in cause number 2011-1107-C1 and $744 in cause number 2011-2067-C1. Contained in the record of each cause is a bill of cost prepared by the district clerk, indicating $750 of the $1,478 and $400 of the $744 was for court-appointed attorney's fees. Also contained in the record is the trial court's specific notation that it "did not assess attorney's fees . . . as costs against the defendant in this cause."

An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *See Nolan v. State*, 39 S.W.3d 697, 698 (Tex.App.—Houston [1st Dist.] 2001, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd)). *See also* TEX. R. APP. P. 43.2(b). Accordingly, the respective judgments and bills of cost are modified to delete the requirement that Appellant pay either the $750 or the $400 in court-appointed attorney's fees. This order of reformation extends to any order to withdraw funds from Appellant's inmate account. Accordingly, as to each cause, the district clerk is ordered to prepare an amended bill of cost and order to withdraw funds, if any.

7

CONCLUSION

As modified, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.