**Opinion issued February 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00412-CR**

————————————

**JAMES HAYHURST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1551007**

---

## MEMORANDUM OPINION

Appellant, James Hayhurst, pleaded guilty to the offense of aggravated assault against a public servant. *See* TEX. PENAL CODE § 22.02(b)(2). In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding

appellant's guilt and placed appellant on community supervision for a period of five years. The State subsequently filed a motion to adjudicate appellant's guilt, alleging three violations of the terms of appellant's community supervision. Appellant pleaded "true" to one of the alleged violations and pleaded "not true" to the other two violations. The trial court found two of the allegations true, adjudicated appellant guilty, and sentenced appellant to seventeen years' imprisonment. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel certified that he delivered a copy of the motion to withdraw and Anders brief to appellant and informed appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

2

Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Although not an arguable issue, we note the trial court's judgment does not accurately reflect the proceedings in two respects. First, at the hearing to adjudicate guilt, appellant pleaded true to one of the State's three allegations: the allegation that he violated the terms of his supervision by leaving Harris County without

3

permission. But the judgment states that appellant pleaded not true to the allegations in the motion to adjudicate. Second, in its oral pronouncement at the hearing, the trial court found two alleged violations in the State's motion to adjudicate guilt to be true: (1) the State's allegation that appellant committed a new law violation by violating a protective order and (2) the State's allegation that appellant left Harris County without permission. The judgment, however, only includes a finding that appellant committed a new law violation. We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.–Houston [1st Dist.] 2001, no pet.). Accordingly, we modify the trial court's judgment to reflect that (1) the trial court found the State's allegation that appellant violated the condition that he "Remain within Harris County, Texas or any counties directly touching Harris County, Texas" to be true and (2) appellant pleaded true to this alleged violation.

Accordingly, we affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Rick Oliver must immediately send the required notice and file a copy of that notice with the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.

Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).