**Opinion issued July 1, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————————

## NO. 01-18-00875-CR

—————————————————

**DAVID LORENZA JOYNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1554289**

---

## MEMORANDUM OPINION

A jury found appellant, David Lorenza Joyner, guilty of aggravated sexual assault of a child. *See* TEX. PENAL CODE § 22.021(a). The jury also found two enhancement allegations to be true, one of which alleged a prior sexual assault conviction and resulted in an automatic life sentence. *See* TEX. PENAL CODE §

12.42(c)(2). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that she sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant was provided a copy of the record.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Although there is no reversable error in this case, we note the trial court's judgment does not accurately reflect the proceedings. The judgment states "Not Applicable" in the sections regarding appellant's pleas and the findings on the two enhancement paragraphs. The record demonstrates that appellant pleaded "Not True" to both enhancement paragraphs and the jury found both to be "True." We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*,

865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we modify the trial court's judgment to reflect that (1) appellant pleaded "Not True" to both enhancement paragraphs and (2) the jury found both enhancement paragraphs to be "True."

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Cheri Duncan must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4