**Opinion issued August 12, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-20-00021-CR**

————————————

**BRANDON CHARLES CANADA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1305834**

---

**MEMORANDUM OPINION**

Appellant, Brandon Charles Canada, pleaded guilty without an agreed punishment recommendation to the first-degree felony offense of aggravated robbery with a deadly weapon.[1] The trial court deferred adjudication of appellant's

---

[1] See TEX. PENAL CODE § 29.03(a)(2).

guilt and placed appellant on community supervision for five years. The trial court later extended the period of community supervision by an additional two years. The State subsequently filed a motion to adjudicate appellant's guilt, alleging that appellant violated the terms of his community supervision by committing two new offences of robbery and impersonating a police officer. Appellant pleaded "not true" to the alleged violations. Following a hearing, the trial court found the allegations true, adjudicated appellant guilty of aggravated robbery with a deadly weapon, and sentenced appellant to thirteen years' imprisonment. This sentence is within the applicable range.[2] Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

---

[2] See TEX. PENAL CODE § 12.32(a).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant was provided a copy of the record but did not file a pro se response.

We have independently reviewed the entire record in this appeal and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Although there is no reversable error in the case, we note the trial court's judgment does not accurately reflect the proceedings when listing appellant's "Plea to Motion to Adjudicate" as "True." The record, instead, demonstrates that appellant pleaded "Not True" to the motion to adjudicate. We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we modify the trial court's judgment to reflect that appellant pleaded "Not True" to the motion to adjudicate.

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a). Attorney Kyle R. Sampson must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).