**Opinion issued September 5, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00360-CR**
_____

**CARLOS MALDONADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1652591**

**MEMORANDUM OPINION**

A jury found appellant, Carlos Maldonado, guilty of the felony offense of sexual assault of a child,[1] and the trial court assessed his punishment at confinement for six years. Appellant timely filed a notice of appeal.

---

[1]     *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (c), (f).

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of his *Anders* brief and his motion to withdraw. Counsel also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief. Further, counsel provided appellant with a copy of the appellate record and a form motion to access the appellate record.[2] *See Kelly v. State*, 436 S.W.3d 313, 319–20

---

[2] This Court also notified appellant that his appointed counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

(Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court— and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable ground for reversal, counsel notes in his *Anders* brief that the court costs assessed against appellant in the trial court do not comport with the governing statutory authority. *See, e.g.*, *Ledet v. State*, Nos. 01-22-00015-CR, 01-22-00016-CR, 2022 WL 3589182, at *2 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (mem. op., not designated for publication).

This Court has the authority to modify a trial court's judgment when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865

3

S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Further, this Court has the "authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed." *Hubbard v. State*, No. 02-13-00300-CR, 2014 WL 1767475, at \*1 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op., not designated for publication); *see also Ledet*, 2022 WL 3589182, at \*2; *Rodriguez v. State*, No. 01-13-00728-CR, 2014 WL 3697890, at \*2 (Tex. App.—Houston [1st Dist.] July 24, 2014, no pet.) (mem. op., not designated for publication). "Only statutorily authorized court costs may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014). Thus, we may modify the bill of costs to reflect the appropriate statutory costs and delete improper charges. *See id.* ("[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost."); *Pacas v. State*, 612 S.W.3d 588, 596–97 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Segura v. State*, No. 02-21-00052-CR, 2022 WL 2840143, at \*2 (Tex. App.—Fort Worth July 21, 2022, no pet.) (mem. op., not designated for publication).

In its judgment of conviction, the trial court assessed $290.00 in court costs against appellant. The bill of costs reflects that as part of the $290.00 in court costs,

appellant was charged $185.00 for a "Consolidated Court Cost – State"[3] and $105.00 for a "Consolidated Court Cost – Local."[4]

To determine the amount of the court costs that should be assessed against a criminal defendant, we must look to the statutes in effect at the time the offense in the case was committed; in this case, that was on February 4, 2019.[5] *See Ledet*, 2022 WL 3589182, at *3. For offenses committed before January 1, 2020, the statutory amount of the "Consolidated Court Cost – State" is $133.00, not $185.00. *See id.*; *see also Shuler v. State*, 650 S.W.3d 683, 690–91 (Tex. App.—Dallas 2022, no pet.) ("Section 133.102(a)(1) of the Texas Local Government Code was amended in 2019 to increase the amount of costs assessed on conviction of a felony from $133 to $185; however, . . . the amendment did not become effective until January 1, 2020, and applied only to costs, fees, or fines assessed on convictions for offenses committed on or after the effective date."). Additionally, the $105.00 "Consolidated Court Cost – Local" may only be assessed against defendants who committed an offense on or after January 1, 2020. *See Ledet*, 2022 WL 3589182, at *3; *see also Brumfield v. State*, 641 S.W.3d 568, 583 (Tex. App.—Tyler 2022, pet. ref'd) ("The Local

---

3     *See* TEX. LOC. GOV'T CODE ANN. § 133.102.

4     *See id.* § 134.101.

5     Here, a Harris County Grand Jury returned a true bill of indictment alleging that appellant, on or about February 4, 2019, "unlawfully, intentionally and knowingly cause[d] the sexual organ of Y.T., a person younger than seventeen years of age, to contact the sexual organ of [appellant]."

Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020.").

Accordingly, we modify the trial court's judgment and the bill of costs to reduce the amount of the "Consolidated Court Cost – State" from $185.00 to $133.00 and to delete the $105.00 for the "Consolidated Court Cost – Local," leaving $133.00 as the proper assessment of court costs against appellant. *See* TEX. R. APP. P. 43.2(b); *Ledet*, 2022 WL 3589182, at *3; *Wood v. State*, No. 01-13-00293-CR, 2014 WL 3738058, at *2 (Tex. App.—Houston [1st Dist.] July 29, 2014, no pet.) (mem. op., not designated for publication).

## Conclusion

We affirm the judgment of the trial court as modified and grant appellant's appointed counsel's motion to withdraw.[6]  Attorney Nicholas Mensch must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

---

[6]  Appellant's appointed counsel still has a duty to inform appellant of the result of the appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).