**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00673-CR

———————————

**ANTHONY KIZZEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCR-083621**

---

## MEMORANDUM OPINION

Appellant Anthony Kizzee pleaded guilty to the third-degree felony offense of injury to a child causing bodily injury.[1] Appellant also pleaded true to an enhancement paragraph alleging a prior felony conviction, elevating the punishment

---

[1]   *See* TEX. PENAL CODE § 22.04(a)(3), (f).

range for the offense to that of a second-degree felony.[2] The trial court accepted appellant's pleas, deferred adjudication of appellant's guilt, and placed appellant on community supervision for ten years. The State later filed a motion to adjudicate appellant's guilt, alleging violations of the conditions of his community supervision, including committing a new felony offense of aggravated assault. Appellant pleaded not true to the alleged violations. Following a hearing, the trial court found the allegations true, adjudicated appellant guilty of injury to a child causing bodily injury, and sentenced appellant to sixteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The sentence is within the applicable range. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal.

---

[2]     *See* TEX. PENAL CODE § 12.42(a).

*See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that she sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response.

We have independently reviewed the entire record in this appeal and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826– 28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or pro se response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for

discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Although there is no reversable error in the case, we note the trial court's judgment does not accurately reflect the proceedings when listing appellant's plea to the motion to adjudicate as "True." The record, instead, demonstrates that appellant pleaded "Not True" to the allegations in the motion to adjudicate. We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we modify the trial court's judgment to reflect that appellant pleaded "Not True" to the motion to adjudicate.

Accordingly, we affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a). Attorney Mandy Miller must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[3]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).