**Opinion issued October 16, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00656-CR**

**NO. 01-24-00657-CR**

———————————

**JUDE WINBUSH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1809408 & 1809409**

---

**MEMORANDUM OPINION**

Appellant, Jude Winbush, with an agreed punishment recommendation from the State, pleaded guilty to the felony offenses of assault of a family member[1] and unlawfully carrying a weapon.[2] Appellant also pleaded true to the allegations in two enhancement paragraphs that he had twice been previously convicted of felony offenses. The trial court then deferred adjudication of his guilt and placed him of community supervision for seven years for each offense. The State, alleging numerous violations of the conditions of appellant's community supervision, later moved to adjudicate his guilt. After a hearing, the trial court found certain allegations true, found appellant guilty, and assessed his punishment at confinement for thirty-five years for each offense, to run concurrently. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw in each appeal, along with briefs stating that the records present no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's briefs meet the *Anders* requirements by presenting a professional evaluation of the records and supplying the Court with references to the records and

---

[1]     *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B); *see also* TEX. FAM. CODE ANN. § 71.005.

[2]     *See* TEX. PENAL CODE ANN. § 46.02(a-7), (e).

legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record in each appeal and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that she provided appellant with a copy of the *Anders* briefs, her motions to withdraw, and the appellate records. Counsel also informed appellant of his right to examine the appellate records and file responses to counsel's *Anders* briefs. Further, counsel provided appellant with a form motion to access the appellate records and a motion for extension of time to file his *Anders* response in each appeal.[3] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant filed responses to his counsel's *Anders* briefs.

We have independently reviewed the entire record in each appeal, and we conclude that no reversible error exists in the records, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing

---

[3]     This Court also notified appellant that counsel had filed *Anders* briefs and motions to withdraw and informed appellant that he had a right to examine the appellate records and file responses to his counsel's *Anders* briefs. And this Court provided appellant with form motions to access the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable ground for reversal, counsel notes in her *Anders* briefs that the trial court's judgment in each case fails to show that appellant "pled true to two enhancement paragraphs regarding two prior convictions[] and that the [trial] [c]ourt found the[] allegations true." *See, e.g.*, *Duffey v. State*, Nos. 05-17-01446-CR, 05-17-01448-CR, 2018 WL 3723132, at *1 (Tex. App.—Dallas Aug. 6, 2018, no pet.) (mem. op., not designated for publication). Here, when appellant pleaded guilty to the felony offenses of assault of a family member and unlawfully carrying a weapon, he also pleaded true to the allegations in two enhancement paragraphs in the indictments that he had twice been previously convicted of felony offenses and the trial found those allegations true. At the hearing on the State's motions to adjudicate appellant's guilt, the trial court reiterated that

appellant had "pled true to two enhancement paragraphs . . . at the time of [his] plea[s]" and that it "ha[d] already found those to be true," and it sentenced appellant accordingly. *See* TEX. PENAL CODE ANN. § 12.42(d) ("Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony"); *see also Duffey*, 2018 WL 3723132, at *1.

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so[] or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). This is true no matter who, or if anyone, has called the matter to the attention of the appellate court. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

Accordingly, we modify the trial court's judgments adjudicating guilt to show that appellant pleaded true to the allegations in two enhancement paragraphs and that the trial court found the allegations in the enhancement paragraphs to be true. *See* TEX. R. APP. P. 43.2(b); *Duffey*, 2018 WL 3723132, at *1; *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment). Specifically, we modify the judgment in each case to add

sections stating: "1st Enhancement Paragraph: Pleaded True," "Finding on 1st Enhancement Paragraph: True," "2nd Enhancement Paragraph: Pleaded True," and "Finding on 2nd Enhancement Paragraph: True." *See Duffey*, 2018 WL 3723132, at *1.

## Conclusion

We affirm the judgments of the trial court as modified and grant appellant's appointed counsel's motion to withdraw in each appeal.[4]  Attorney Anne More Burnham must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]  Appellant's counsel still has a duty to inform appellant of the result of the appeals and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).